MARY J. PERRIN AND HUNTER PERRIN

VERSUS

RANDY TUPPER HOMES, ET AL.

**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2007-957-A
HONORABLE D. KENT SAVOIE, JUDGE PRESIDING

**********
SYLVIA R. COOKS
JUDGE
**********

Court composed of Sylvia R. Cooks, John D. Saunders, Marc T. Amy, Elizabeth A. Pickett, and Billy H. Ezell, Judges.
(Recommend Publication)

Amy, J., dissents and assigns reasons.
Pickett, J., dissents for the reasons assigned by Judge Amy.
Ezell, J., concurs

REVERSED AND REMANDED

Jere Jay Bice
Bice, Palermo & Veron, L.L.C.
P.O. Box 2125
Lake Charles, LA 70602
337-310-1600
COUNSEL FOR PLAINTIFFS/APPELLANTS:
Mary J. Perrin and Hunter Perrin


Charles V. Musso, Jr.
Plauche', Smith & Nieset
P.O. Drawer 1705
Lake Charles, LA 70602-1705
337-436-0522
COUNSEL FOR DEFENDANTS-APPELLEES:
Randy Tupper Homes, Et Al.

**COOKS, Judge.**

## FACTS

Hunter Perrin and his wife, Mary J. Perrin (Plaintiffs), while driving through a developing subdivision on a Sunday afternoon, focused their attention on a town-house nearing completion in Graywood Subdivision, Lake Charles, Louisiana (Graywood). The couple, looking to purchase a new home in Graywood, stopped to take a closer look at the home, observing that it appeared to be near completion and perhaps available for purchase. Although it is disputed whether this town-house had a "for sale" sign posted, it is undisputed and admitted by Defendant Tupper there were no signs, tape, nor barricade warning, preventing, or prohibiting persons from entering upon the premises. Defendants' own exhibit in support of the Motion For Summary Judgment demonstrates there was signage against the exterior wall of the house advertising Tupper Homes posted on the property. The sign included a telephone number and contact names. The development had several homes and town-homes under various stages of construction, many posted with "for sale" signs, as well as many signs advertising various builders, contractors, and construction companies in the subdivision, including Tupper Homes.

There was no concrete or paved walkway leading to the house. Instead, a series of wooden pallets were placed on the damp ground to fashion a makeshift walkway from the street to the garage to allow access to the home. The photograph in evidence depicts such a wooden pallet directly in front of the Tupper Homes sign. Because the ground was "tacky and damp" that day, Plaintiffs decided to use the pallet walkway to get to the town-house from the street. As she walked across the wooden pallets, Mary Perrin fell and allegedly injured her right shoulder. Plaintiffs

1

sued Randy Tupper Homes d/b/a Fantasy Homes, Inc., the general contractor building the town-house, and Employers Mutual Casualty Company (Defendants), its general liability insurer.

The trial court granted summary judgment in favor of Defendants dismissing the case, finding Plaintiffs entered the property without express or implied legal consent from either the owner or the custodian of the property. The trial court ruled from the bench and mentioned in its oral reasons for judgment Plaintiffs did not have implied consent to be on the property and were not on the property "for making a delivery or conducting business or communicating with the owner or custodian." Based on these conclusions, the trial court found Plaintiffs were trespassers in violation of La.R.S. 14:63, despite also finding Plaintiffs had a legitimate reason to "look at the property." Under the provisions of La.R.S. 14:63(H)., the trial court found Defendants were immune from suit by such trespassers and for these reasons granted summary judgment dismissing Plaintiffs' suit. Plaintiffs appealed alleging the trial court committed legal error and must be reversed. We agree. The judgment of the trial court is reversed and the case is remanded for further proceedings.

## LAW AND ANALYSIS

Plaintiffs did not commit criminal trespass. The provisions of La. R.S. 14:63 (F) provide in pertinent part:

> The following persons may enter or remain upon immovable property of another, **unless specifically forbidden to do so by the owner or other person with authority, either orally or in writing**: (3) Any person making a delivery, soliciting, selling any product or service, conducting a survey or poll , a real estate licensee or **other person who has a legitimate reason for making a delivery, conducting business or communicating with the owner, lessee, custodian or a resident of the immovable property**, and who, immediately upon entry, seeks to make the delivery, to conduct business or to conduct the communication.(Emphasis added.)

2

La. R.S. 14:63(F)(3)

Defendant Tupper admits there were no signs, warning tape, nor barricades whatsoever on the subject property forbidding anyone to enter upon the premises. The trial court made a factual finding that Plaintiffs had a legitimate reason to be on the property, i.e. they were looking at the property as prospective home buyers. Under the express provisions of La.R.S.14:63 (F)(3) Plaintiffs were "other persons" who had a "legitimate reason" for conducting business or communicating with the owner or a custodian of the property. Plaintiffs testified they were attracted to the home where the accident occurred because it appeared to be the type of house they were looking to purchase in Graywood. Defendant testified he was the sole contractor building houses on the street where the alleged accident occurred. He also testified there were many of his signs throughout Graywood, and on this street, advertising Tupper Homes/Fantasy Homes. Depicted in Defendants exhibits are his own photographs of the subject property showing a Randy Tupper Homes Design and Construction sign. Defendant also admits some homes were for sale although this particular home was built for identified owners.

The statute does not define "implied consent" and is not necessary that we fashion a definition nor determine whether Mrs. Perrin had implied consent to walk up to the house nearing completion in a developing subdivision with many newly constructed or partially constructed homes for sale. Nevertheless, it would certainly appear that the area was being actively marketed and was intended to invite and attract prospective home buyers like the Plaintiffs. Be that as it may, the pertinent provisions of La.R.S. 14:63 at paragraph F. clearly place the burden on the "owner or other person with authority" to either post a written notice forbidding persons from entering upon the property or to orally forbid access. Clearly, neither prohibition was

3

present here. The statute further authorizes certain persons to "enter or remain" upon immovable property of another when there is no notice forbidding entry. Plaintiffs are included in that list of authorized persons: "Any person....who has a legitimate reason for conducting business or communicating with the owner, lessee, custodian or resident ...who immediately... seeks to conduct business or to conduct the communication." La. R.S. 14:63 (F)(3). As the trial court found, Plaintiffs obviously had a legitimate reason for conducting business with or communicating with the owner or custodian of the property. Plaintiffs were prospective buyers, not criminal trespassers.

We agree with Plaintiffs that their behavior, engaged in frequently in all developing subdivisions, was not the sort of behavior criminalized by La.R.S. 14:63. Signs in the area were no doubt meant to attract the attention of prospective buyers or home builders who might logically conclude that they were welcome to stop and examine such homes in various stages of completion. It certainly could come as no surprise to Tupper that Plaintiffs, and no doubt many others, might approach these properties to take a closer look, get information, or attempt to make contact with or to conduct business with any representative of the owner or custodian they might encounter by visiting the property. No doubt, it would be disappointing indeed to Tupper if no one showed any interest in the homes he was building in Graywood or in his work being actively advertised through his products in Graywood.

The trial court erred as a matter of law in basing its ruling on whether Mrs. Perrin had implied consent to be on the property, and in making this erroneous application of law, further erred in applying the immunity provisions of La. R.S. 14:63. Because there were no signs posted on the premises forbidding entry thereon, the Plaintiffs were permitted to enter upon the property for legitimate reasons, in this

4

case for the purpose of conducting business with or communicating with the owner or custodian of the immovable property. La.R.S. 14:63(F)(3).

Because the judgment on appeal is a summary judgment, our review is *de novo*, and we employ "the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law." *Supreme Serv. & Specialty Co., Inc. v. Sonny Greer, Inc.*, 06-1827, p. 4 (La.5/22/07), 958 So.2d 634, 638. Under the provisions of La. Code Civ. P. art. 966, Defendants, as movers herein, are entitled to summary judgment only if they prove (1) there are no genuine issues of material fact in dispute and (2) they are entitled to judgment as a matter of law. We find Defendants are not entitled to judgment as a matter of law. Plaintiffs were not criminal trespassers as envisioned by La. R.S.14:63 and the immunity protection Defendants affirmatively rely on as a defense does not extend to any person whose activity falls within the exception expressly made in La.R.S. 14:63 (F)(3). The ruling of the trial court is reversed and the case is remanded for further proceedings. All cost of appeal are assessed against Defendants.

**REVERSED AND REMANDED**

NUMBER 08-1418

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

MARY J. PERRIN AND HUNTER PERRIN

VERSUS

RANDY TUPPER HOMES, ET AL.

AMY, J., dissenting.

I respectfully dissent from the majority opinion as I find that an affirmation is warranted and that the circumstances of this case do not implicate La.R.S. 14:63(F)(3).

Rather, La.R.S. 14:63(A) provides that "[n]o person shall enter upon immovable property owned by another without express, legal, or implied authorization." In my opinion, the mere construction of this home in a neighborhood under development did not convey authorization for entry onto this privately owned property. Without such authority, and absent intentional acts or gross negligence, "owners, lessors, and custodians of structures, watercraft, movable or immovable property shall not be answerable for damages sustained by any person who enters upon the structure, watercraft, movable or immovable property . . . [.]" La.R.S. 14:63(H). As there was no evidence of intentional acts or gross negligence, I find that the trial court correctly entered summary judgment.